■ Fox Wander West Neighborhood Association Inc., Appellant, v Luther Forest Community Association Inc. et al., Respondents.—Mikoll, J. Appeal from an order of the Supreme Court (Plumadore, J.), entered June 11, 1990 in Saratoga County, which, *inter alia,* denied plaintiff's motion to discharge various liens filed by defendant Luther Forest Community Association Inc.

Plaintiff is a neighborhood association made up of homeowners located within the Luther Forest subdivision in Saratoga County. Each homeowner, upon purchase of a home in the subdivision, becomes a member of defendant Luther Forest Community Association Inc. (hereinafter Luther). Luther oversees the maintenance and management of certain property and homes within the subdivision and is empowered to collect dues and assessments from plaintiff's members within the subdivision. Unpaid charges and assessments become a lien upon the homeowner's property.

Pursuant to an agreement executed July 24, 1981 between

Luther and plaintiff, Luther was to do the billing, invoicing and collecting of dues and assessments for plaintiff. Luther was also authorized to make contracts for trail maintenance and repair and to perform management, office and clerical services on behalf of plaintiff. The agreement was for one year, automatically renewable unless canceled upon 30 days' written notice. On December 15, 1988 Luther canceled the agreement effective January 14, 1989. On March 24, 1989 Luther filed liens for past due unpaid charges and assessments for the first quarter of 1989 against plaintiff's members.

Plaintiff commenced this action in October 1989 against Luther and Luther's president, defendant William R. Mackay, to recover money damages for alleged breach of contract and conversion of funds as well as other relief. Plaintiff then moved for, among other things, discharge of the liens. In opposing papers, Luther requested that Mackay's name be removed from the action. Supreme Court, *inter alia,* denied the motion to discharge the liens on the ground that a material question of fact existed as to whether Luther's final solicitation of dues was authorized, and granted the request to strike Mackay's name as a party on the ground that any actions taken by him were solely as a president of Luther and that nothing alleged would authorize the imposition of any personal liability. This appeal by plaintiff ensued.

There should be an affirmance. Supreme Court correctly held that a material question of fact existed as to whether Luther was owed money for services it rendered and expenses paid or incurred prior to and including January 14, 1989. Luther had the authority to collect any bills, dues or assessments owed and incurred, on behalf of plaintiff, prior to that date.

We find no abuse of Supreme Court's discretion in granting Luther's request, contained in its responding papers, to strike Mackay's name from the action. Although CPLR 2215, as amended in 1980, does require that an explicit "notice of cross-motion" be served with cross motion papers *(see, Matter of Briger,* 95 AD2d 887), Supreme Court is not prohibited by CPLR 2215 from entertaining the motion in the absence of the explicit notice. Here, the opposing party was aware of and responded to the cross motion and the procedure was fair to the parties. The amendment was designed to aid the court in determining the motion by alerting the court that the issue was presented so that it could be most conveniently and expeditiously decided *(see,* Siegel, Practice Commentaries, Mc-

Kinney's Cons Laws of NY, Book 7B, CPLR C2215:1, at 123-125).

Casey, J. P., Yesawich Jr., Crew III and Harvey, JJ., concur. Ordered that the order is affirmed, with costs.