■ ORLANDO RODRIGUEZ et al., Appellants, v COUNTY OF ROCKLAND et al., Respondents, et al., Defendants. [842 NYS2d 488]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Rockland County (Weiner, J.), entered November 23, 2005, as amended by an order of the same court entered January 9, 2006, which granted the motion of the defendant Village of Haverstraw, joined by the defendants County of Rockland and Rockland County Sheriff's Department, pursuant to CPLR 3211 (a) (7) to dismiss the complaint insofar as asserted against them, and denied their cross motion pursuant to CPLR 3025 (b) for leave to amend the complaint.

Ordered that the order, as amended, is affirmed, with one bill of costs to the respondents appearing separately and filing separate briefs.

The plaintiff Orlando Rodriguez (hereinafter Rodriguez), a State Patrol Trooper assigned as an undercover police officer, was assaulted by the defendant Isaiah Eurie when Rodriguez was purchasing narcotics as part of a joint task force. Rodriguez, with his wife, the plaintiff Luz D. Rodriguez, suing derivatively, commenced this action to recover damages for injuries he purportedly sustained as a result of the assault. The complaint alleged, inter alia, that various defendants failed to warn Rodriguez that Eurie had been released from jail on bail. The complaint further alleged that when Rodriguez attempted to purchase narcotics as part of his continuing undercover duties, Eurie recognized him as an undercover officer and assaulted him.

In a pre-answer motion pursuant to CPLR 3211 (a) (7), the defendant Village of Haverstraw moved to dismiss the complaint insofar as asserted against it on the ground, inter alia, that the complaint failed to plead a violation of General Obligations Law § 11-106. The defendants County of Rockland and Rockland County Sheriff's Department (hereinafter collectively the County), without serving a notice of motion or cross motion, submitted an affirmation seeking the same relief and adopting

and incorporating the Village's submissions. The plaintiffs opposed both applications and cross-moved for leave to amend their complaint to allege a violation of General Obligations Law § 11-106. The Supreme Court granted the Village's motion to dismiss the complaint as asserted against it and denied the plaintiffs's cross motion. The court then amended its prior order to include relief granting dismissal of the complaint against the County. The plaintiff appeals. We now affirm the order as amended.

Although the County failed to include a notice of motion or cross motion with its submissions, under the circumstances presented here, the Supreme Court properly entertained its application (*see Tulley v Straus*, 265 AD2d 399 [1999]; *Fox Wander W. Neighborhood Assn. v Luther Forest Community Assn.*, 178 AD2d 871 [1991]; *Catania v Lippman*, 98 AD2d 826 [1983]; *cf. Hergerton v Hergerton*, 235 AD2d 395 [1997]). The County's argument for dismissal was premised on the same legal argument as the Village's motion to dismiss, which the County adopted and incorporated by reference. Further, the plaintiffs obviously had notice of the County's submissions since they are referenced in the plaintiffs' response.

As to the merits, on a motion to dismiss pursuant to CPLR 3211 (a) (7), a court must accept the complaint's allegations as true, "according the plaintiff the benefit of every favorable inference, and determining only whether the facts alleged 'fit within any cognizable legal theory' " (*Rodriguez v City of New York*, 35 AD3d 702, 703-704 [2006], quoting *Sokoloff v Harriman Estates Dev. Corp.*, 96 NY2d 409, 414 [2001]).

The complaint fails to state a negligence cause of action against the County and the Village (hereinafter the respondents), since it does not adequately allege that a special relationship existed between the respondents and Rodriguez sufficient to overcome the barrier of governmental immunity that otherwise bars the instant suit by the plaintiffs against the respondents (*see Pelaez v Seide*, 2 NY3d 186, 193 [2004]; *Abraham v City of New York*, 39 AD3d 21, 25 [2007]).

Moreover, the complaint fails to state a cause of action based on a violation of General Obligations Law § 11-106. This provision "allows police officers to bring tort claims for most work injuries that occur in the line of duty. Importantly, however, section 11-106 maintains the common-law bar on tort claims against 'the police officer's . . . employer or co-employee' " (*Williams v City of New York*, 2 NY3d 352, 363 [2004], quoting General Obligations Law § 11-106 [1]). In this case, the relationship that Rodriguez had with the respondents by participat-

ing in a joint task force was akin to that of his relationship with his employer. In passing General Obligations Law § 11-106, the Legislature barred suits against a police officer's employer or co-employee to restrict the imposition of further financial burdens on municipalities (*see Grogan v City of New York*, 259 AD2d 240 [1999]). Given the public policy underlying General Obligations Law § 11-106, the instant action is likewise barred as to the respondents on such grounds (*id.*). Accordingly, the Supreme Court properly dismissed the complaint insofar as asserted against the respondents since the complaint failed to state a cause of action for which relief may be granted as against them (*see* CPLR 3211 [a] [7]).

In light of this determination, the parties' remaining contentions either need not be addressed or are without merit. Mastro, J.P., Covello, McCarthy and Dickerson, JJ., concur.