MERCHANTS INSURANCE GROUP, Respondent, v HUDSON VALLEY FIRE PROTECTION Co., INC., Appellant. [898 NYS2d 242]—

In a subrogation action to recover amounts paid by the plaintiff to its insured for injury to property, the defendant ap-

peals from an order of the Supreme Court, Westchester County, (Lefkowitz, J.) entered October 27, 2009, which granted the plaintiff's motion for leave to enter judgment upon its default in appearing or answering and denied its application to compel the plaintiff to accept the answer.

Ordered that on the Court's own motion, the defendant's notice of appeal from so much of the order as denied its application to compel the plaintiff to accept the answer is treated as an application for leave to appeal from that portion of the order, and leave to appeal is granted (*see* CPLR 5701 [c]); and it is further,

Ordered that the order is reversed, on the facts and in the exercise of discretion, without costs or disbursements, the plaintiff's motion for leave to enter judgment upon the defendant's default in appearing or answering is denied, the defendant's application to compel the plaintiff to accept the answer is granted, and the answer annexed to the defendant's papers in opposition to the plaintiff's motion is deemed served upon the plaintiff.

The summons and complaint in this action were served on the defendant pursuant to Business Corporation Law § 306 in February 2009, and the plaintiff mailed to the defendant a notice of default pursuant to CPLR 3215 at approximately the same time. When no answer was served, the plaintiff moved on August 3, 2009, for leave to enter a default judgment. Although the defendant did not cross-move to vacate the default, it opposed the motion and requested that the court compel the plaintiff to accept the answer annexed to its opposition papers. The Supreme Court granted the plaintiff's motion and denied the defendant's application, finding that the defendant had not shown a meritorious defense or an excusable default. We reverse.

In opposition to the plaintiff's motion for a default judgment, the defendant's president asserted in his affidavit that he forwarded the summons and complaint on March 13, 2009, within two weeks of the defendant's receipt of the summons and complaint, to an insurance broker "with the expectation that defense counsel would be assigned" and that he only became aware of the default after receipt of the motion for a default judgment, which motion had an initial return date of September 3, 2009. Approximately five months transpired from the time of the defendant's default for failing to answer the summons and complaint in March 2009 and when the defendant became aware of the default upon receiving the motion for the entry of a default judgment in August 2009.

Under these circumstances, the inadvertent default was explained and the defendant quickly requested relief upon becoming aware of that default (*see Harcztark v Drive Variety, Inc.*, 21 AD3d 876 [2005]). While the defendant did not cross-move to vacate the default, it did make an application to compel the plaintiff to accept the answer. The plaintiff failed to allege or show prejudice resulting from the delay, and the defendant stated a reasonable excuse for the default and a meritorious defense to the action. In light of these considerations and the strong public policy favoring the resolution of cases on the merits, the Supreme Court improvidently exercised its discretion in granting the plaintiff's motion for leave to enter a default judgment (*see Paramount Transp. Sys., Inc. v Lasertone Corp.*, 59 AD3d 603 [2009]; *Scarlett v McCarthy*, 2 AD3d 623 [2003]; *Zolna v Lupino*, 251 AD2d 658 [1998]). Accordingly, the plaintiff's motion should have been denied and the defendant's application should have been granted (*see Paramount Transp. Sys., Inc. v Lasertone Corp.*, 59 AD3d 603 [2009]; CPLR 3012 [d]). Skelos, J.P., Dillon, Angiolillo, Eng and Sgroi, JJ., concur.