OPINION OF THE COURT
Balkin, J.
The Supreme Court denied the plaintiffs’ motion for leave to *58 enter a default judgment and granted the defendant’s application, in effect, for leave to serve a late answer, and to compel the plaintiffs to accept service of that answer. The principal issue on this appeal is whether it was proper for the court to consider the defendant’s application when the defendant had not made its request for relief in a formal notice of cross motion (see CPLR 2215). Our precedent on this subject has been inconsistent, leaving the law unsettled. This appeal gives us an opportunity to clarify it.
The infant plaintiff, Raizel Fried, allegedly was injured on May 22, 2009, while playing with other children on or near a flatbed trailer owned by the defendant, Jacob Holding, Inc. According to the complaint, Raizel was standing near the rear of the trailer when some of her playmates climbed onto it and caused its loading ramp to fall and hit her.
Approximately one year later, on April 30, 2010, Raizel, by her mother, and Raizel’s mother individually, commenced this action by filing a summons and complaint. On May 11, 2010, they served the defendant, a corporation, by personal delivery of a copy of the summons and complaint to the Secretary of State (see Business Corporation Law § 306 [b]; CPLR 311 [a] [1]). The defendant was required to appear or answer within 30 days (see CPLR 320 [a]; Business Corporation Law § 306 [b]). The defendant did not timely appear or answer, and, on July 6, 2010, the plaintiffs served the defendant again, this time by mail at the defendant’s last known address.
One week after this second service was effected, the plaintiffs moved pursuant to CPLR 3215 for leave to enter a default judgment on the issue of liability. The defendant timely filed opposing papers, but did not merely oppose the plaintiffs’ motion; it also asked the court, in effect, for leave to serve a late answer, and to compel the plaintiffs to accept its untimely answer. The defendant’s application for affirmative relief was not, however, set forth in a notice of cross motion duly served pursuant to CPLR 2215. Instead, the defendant included the application in an attorney’s affirmation submitted in opposition to the plaintiffs’ motion. Counsel recited, on the first page of her affirmation, that the affirmation was being submitted in opposition to the plaintiffs’ motion “and in support of the defendant’s request that the Court compel the plaintiff[s] to accept service of defendant’s answer.” This application for affirmative relief was repeated on the last page, in the affirmation’s “wherefore” clause. The defendant’s arguments in opposition to the *59 plaintiffs’ motion and in support of its own application for affirmative relief were the same: the plaintiffs’ motion should be denied and the plaintiffs compelled to accept the defendant’s answer “since there has been a very minor delay in responding to the plaintiff[s’] summons and complaint, the [plaintiffs have] suffered no prejudice as a result of the minor delay, and because the defendant has a reasonable excuse for said delay and a meritorious defense.”
The plaintiffs submitted reply papers, in which they opposed the defendant’s application for affirmative relief both on the merits and on the ground that the court could not, in the absence of a formal cross motion, grant the defendant the affirmative relief it requested.
The Supreme Court denied the plaintiffs’ motion for leave to enter a default judgment, and, in the exercise of discretion, granted the defendant’s application, in effect, for leave to serve a late answer, and to compel the plaintiffs to accept that answer. The court concluded that the defendant’s explanation for its failure to appear was reasonable and that the defendant had proffered a potentially meritorious defense. The court also referred to the strong public policy favoring resolution of cases on their merits. The court recognized that the defendant had not made a proper cross motion, but it overlooked that flaw under CPLR 2001 because the defendant had clearly stated its request for affirmative relief and the plaintiffs were on notice of it and had responded to it. The plaintiffs appeal.
On a motion for leave to enter a default judgment pursuant to CPLR 3215, a plaintiff is required to file proof of: (1) service of a copy or copies of the summons and the complaint, (2) the facts constituting the claim, and (3) the defendant’s default (see CPLR 3215 [f]). If, as is the case here, the defendant is a domestic corporation and was originally served with the summons and complaint by personal delivery to the Secretary of State (see Business Corporation Law § 306 [b]), a plaintiff is also required to serve the defendant a second time, by first-class mail at its last known address (see CPLR 3215 [g] [4] [i]).[1] To demonstrate “the facts constituting the claim” the movant need only submit *60 sufficient proof to enable a court to determine that “a viable cause of action exists” (Woodson v Mendon Leasing Corp., 100 NY2d 62, 71 [2003]; see Alterbaum v Shubert Org., Inc., 80 AD3d 635, 636 [2011]; Neuman v Zurich N. Am., 36 AD3d 601, 602 [2007]). CPLR 3215 (f) expressly provides that a plaintiff may satisfy this requirement by submitting the verified complaint.
To defeat a facially adequate CPLR 3215 motion, a defendant must show either that there was no default, or that it has a reasonable excuse for its delay and a potentially meritorious defense (see Wassertheil v Elburg, LLC, 94 AD3d 753, 753 [2012]; New Seven Colors Corp. v White Bubble Laundromat, Inc., 89 AD3d 701, 702 [2011]; Wells Fargo Bank, N.A. v Cervini, 84 AD3d 789, 789 [2011]; cf. CPLR 5015 [a] [1]; Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co., 67 NY2d 138, 141 [1986]). Whether a proffered excuse is “reasonable” is a “sui generis determination to be made by the court based on all relevant factors, including the extent of the delay, whether there has been prejudice to the opposing party, whether there has been willfulness, and the strong public policy in favor of resolving cases on the merits” (Harcztark v Drive Variety, Inc., 21 AD3d 876, 876-877 [2005]; see Zanelli v JMM Raceway, LLC, 83 AD3d 697, 697 [2011]; Grinage v City of New York, 45 AD3d 729, 730 [2007]; Greene v Mullen, 39 AD3d 469, 469-470 [2007]). This Court has held that, in an appropriate case, a court may take into account insurance-company delay in determining whether there is a reasonable excuse (see Harcztark v Drive Variety, Inc., 21 AD3d at 876-877).
Here, the plaintiffs satisfied their CPLR 3215 burden of proving service, the facts constituting the claim, and the defendant’s default (see Woodson v Mendon Leasing Corp., 100 NY2d at 71; Jackson v Professional Transp. Corp., 81 AD3d 602, 603 [2011]). In its opposition, the defendant submitted detailed evidence showing that it had immediately faxed a copy of the summons and complaint to its insurance broker, who in turn faxed it to the defendant’s insurer, but, apparently, to the wrong department (cf. Trepel v Greenman-Pedersen, Inc., 99 AD3d 789, 791 [2012]). When the defendant was served with the plaintiffs’ motion for leave to enter a default judgment not long after the answer was due, the defendant immediately investigated the *61 situation and sought to remedy it. This evidence showed that the default was not willful, the period of delay was very short, and there was no prejudice to the plaintiffs resulting from it. Under the circumstances of this case, and in light of the strong public policy in favor of deciding matters on their merits, the Supreme Court’s acceptance of the defendant’s explanation as a “reasonable excuse” was not an improvident exercise of discretion (see Gerdes v Canales, 74 AD3d 1017, 1018 [2010]; Merchants Ins. Group v Hudson Val. Fire Protection Co., Inc., 72 AD3d 762, 764 [2010]; Klughaupt v Hi-Tower Contrs., Inc., 64 AD3d 545, 546 [2009]). The defendant also submitted evidence as to a potentially meritorious defense. This evidence contradicted the plaintiffs’ account of how the accident occurred; if believed, the defendant’s evidence could negate a finding that the defendant’s negligence, if any, proximately caused RaizeFs injuries. In light of the defendant’s sufficient showing in opposition to the motion for leave to enter a default judgment motion, the Supreme Court did not improvidently exercise its discretion in denying the plaintiffs’ motion.
We must also determine, however, whether the Supreme Court properly granted the defendant leave to serve a late answer and properly compelled the plaintiffs to accept the defendant’s late answer. As already noted, the defendant did not make its application for this relief in a formal cross motion in accordance with CPLR 2215. This issue highlights an important difference between, on the one hand, what a party must do in order to be entitled to have a request for relief adjudicated and, on the other, what a court may do with respect to a request for relief that has not been made in compliance with that statute.
Before 1981, CPLR 2215 (“Relief demanded by other than moving party”) said:
“At least three days prior to the time at which the motion is noticed to be heard, a party may serve upon the moving party a notice demanding relief, with or without supporting papers. Relief in the alternative or of several different types may be demanded; relief need not be responsive to that demanded by the moving party.”
This vaguely worded provision caused uncertainty about what, exactly, was “a notice demanding relief.” The Advisory Committee on Civil Practice (hereinafter the Committee) described the problem:
“sometimes, when X has made a motion against Y, *62 Y will intermingle somewhere in his [or her] opposing papers, all presumably designed only to oppose X’s motion, a demand for affirmative relief. This demand may crop up at some belated and unexpected point in the opposing papers, and thus take the moving party by surprise. It can also add unnecessary chores for the motion judge who meets the demand for cross-relief only in the middle of his [or her] reading of the opposing papers” (18th Ann Rep of Jud Conf on CPLR at 137, reprinted in 1980 McKinney’s Session Laws of NY at 1925, 1932).
The Judicial Conference and the Chief Administrator proposed a solution, namely, the insertion of the phrase “of cross-motion” into the first sentence of CPLR 2215, so that it would say: “[a]t least three days prior to the time at which the motion is noticed to be heard, a party may serve upon the moving party a notice of cross-motion demanding relief, with or without supporting papers” (id.). This amendment, the Committee hoped, would
“encourage the practice, by a lawyer seeking cross-relief, of leading off his [or her] opposing papers with a formal ‘notice of cross-motion’ ....
“The main idea is to have the covering paper clue the reader in to the whole mission of the accompanying papers, and to avoid the situation in which a demand for cross-relief comes up as almost a hidden incident of affidavits opposing the main motion” (id.).
The Office of Court Administration emphasized, in a Memorandum submitted in support of the statutory amendment (hereinafter the Memorandum), that the proposed amendment was “strictly intended to clarify the obligations of a cross-movant [and] is not intended to place any restriction on the court’s powers to grant affirmative relief’ (Mem of Off of Ct Admin, 1980 McKinney’s Session Laws of NY at 1965). The legislature adopted the change (see L 1980, ch 132, § l).[2]
Despite the Committee’s hope and intent to clarify the *63 “obligations” of a cross movant, the Memorandum itself has led to some confusion over whether a notice of cross motion is mandatory. [3] Precedent on the issue has not been consistent (see 4 Weinstein-Korn-Miller, NY Civ Prac ¶ 2215.01 at 22-89 [2d 2005]). For example, in Thomas v Drifters (219 AD2d 639, 640 [1995]), a nonmoving defendant asked for affirmative relief in papers that it submitted in opposition to a cross motion made by the plaintiffs. We held that, in the absence of a notice of cross motion under CPLR 2215, the nonmoving defendant was “not entitled” to the affirmative relief it requested (id.). Similarly, in Knopp v Slater (258 AD2d 624 [1999]), the plaintiff asked for summary judgment on the complaint in the papers he submitted in opposition to the defendant’s motion to dismiss the complaint pursuant to CPLR 3211, but the plaintiff did not make a formal cross motion. We held that the Supreme Court “erred” — as opposed to improvidently exercised its discretion — in awarding summary judgment to the plaintiff in the absence of a cross motion (see also Pierre v City of New York, 22 AD3d 733, 734 [2005] [court erred in granting affirmative relief to the plaintiffs without a cross motion for that relief]). Even in the context of defaults and extensions of time to answer, we have held that the award of affirmative relief in the absence of a formal notice of cross motion was improper. For example, in Hosten v Oladapo (44 AD3d 1006 [2007]), we held that the Supreme Court properly denied the plaintiffs motion for leave to enter a default judgment under CPLR 3215 because he had failed to establish the facts constituting his claim. We also held, however, that the court “erred” in deeming the defendant’s answer timely filed in the absence of a reasonable excuse for his default and a meritorious defense, and in the absence of a no *64 tice of cross motion for leave to compel the acceptance of a late answer (44 AD3d at 1006).[4]
In other cases, however, we have held that a trial court did not “err” in ruling upon a request for cross relief that was not made by way of a notice of cross motion under CPLR 2215. For example, in Fugazy v Fugazy (44 AD3d 613 [2007]), a matrimonial action, the plaintiff moved for certain relief by order to show cause. The defendant opposed the motion and made a request for affirmative relief, but not by way of a notice of cross motion. We nonetheless characterized the defendant’s request as a “cross motion” and held that the court “did not err” and “providently exercised its discretion” in entertaining the request (id. at 614). We reasoned that the plaintiff was aware of the nature of the request for affirmative relief and had submitted opposition to it, and was, therefore, not unduly prejudiced by the lack of a formal notice of cross motion (id.; see Rodriguez v County of Rockland, 43 AD3d 1026, 1028 [2007]; Wechsler v People, 13 AD3d 941, 942 [2004]; Fox Wander W. Neighborhood Assn. v Luther Forest Community Assn., 178 AD2d 871, 872 [1991]).
In most of the reported cases involving a defendant’s attempt to vacate a default and secure leave to serve a late answer, the dispositions of the appeals would have been the same even had the defaulting defendants complied with CPLR 2215, because the defendants in those cases failed to make the necessary showing of a reasonable excuse for their defaults and potentially meritorious defenses (see Wassertheil v Elburg, LLC, 94 AD3d at 754; May v Hartsdale Manor Owners Corp., 73 AD3d 713, 713 [2010]; Grinage v City of New York, 45 AD3d at 730; Giovanelli v Rivera, 23 AD3d 616, 616 [2005]; Zino v Joab Taxi, Inc., 20 AD3d 521, 522 [2005]). Thus, the absence of a formal cross motion has not been the sole ground for the denial of such a request.
Given the language of CPLR 2215, and the contexts in which it is applicable, the most reasonable interpretation of the statute is that a party seeking relief in connection with another party’s motion is, as a general rule, required to do so by way of a cross motion, at least to have a right that the request be *65 determined on the merits. Otherwise, a party who seeks relief by way of a notice of cross motion would be in a position less favorable than that of a party who merely makes the request without a notice of cross motion: the party who makes a formal cross motion would be required to comply with the notice and service requirements and deadlines imposed by the statute, but a party seeking relief merely by requesting it would enjoy greater flexibility.
Nonetheless, courts retain discretion to entertain requests for affirmative relief that do not meet the requirements of CPLR 2215. Litigants, however, must be cognizant of an important distinction between the two situations: a party in compliance with CPLR 2215 is entitled to have its cross motion considered; a party not in compliance with the statute must hope that the court opts, in the exercise of its discretion, to entertain the request. Thus, we are in agreement with our colleagues in the Appellate Division, Third Department, who, in Fox Wander W. Neighborhood Assn. v Luther Forest Community Assn. (178 AD2d at 872), held that, even in the absence of an explicit notice of cross motion, the Supreme Court is not “prohibited” from entertaining the nonmoving party’s request for relief.
As with most matters addressed to a court’s discretion, more than one factor is relevant, including the need to encourage careful, forthright practice. Other relevant factors include the interrelatedness of the relief requested by the nonmoving party and the relief requested in the main motion (see Rodriguez v County of Rockland, 43 AD3d 1026, 1027-1028 [2007]), the prominence in the opposition papers of the affirmative request for relief and the movant’s opportunity to address that request (see id.; Tulley v Straus, 265 AD2d 399, 401 [1999]; Catania v Lippman, 98 AD2d 826, 826-827 [1983]), and the interest of judicial economy.
Another consideration for careful practitioners is the availability of appellate review. A request for relief made in the absence of a notice of cross motion is not a “motion . . . made upon notice” (CPLR 5701 [a] [2]), so an order granting or denying the request is not appealable as of right, and permission to appeal is necessary (see CPLR 5701 [c]; Blam v Netcher, 17 AD3d 495, 496 [2005]). By contrast, generally, a party may appeal as of right to challenge the disposition of a motion or cross motion made on notice (see CPLR 5701 [a]).
In this case, the defendant’s application requested, in effect, that the Supreme Court grant leave to serve a late answer, and *66 compel the plaintiffs to accept an untimely answer. A motion for leave to extend the time to answer may be made under CPLR 3012 (d); “[u]pon the application of a party, the court may extend the time to appear or plead, or compel the acceptance of a pleading untimely served, upon such terms as may be just and upon a showing of reasonable excuse for delay or default” (CPLR 3012 [d]; see also 2004; Vellucci v Home Depot U.S.A., Inc., 102 AD3d 767, 767-768 [2013]). Motions under CPLR 3215 for leave to enter a default judgment and cross motions under CPLR 3012 are often decided in the same motion sequence (see Nouveau El. Indus., Inc. v Tracey Towers Hous. Co., 95 AD3d 616 [2012]; Dayco Mech. Servs., Inc. v Toscani, 94 AD3d 1214, 1214 [2012]; Kolonkowski v Daily News, L.P., 94 AD3d 704, 705 [2012]; C&H Import & Export, Inc. v MNA Global, Inc., 79 AD3d 784 [2010]). Indeed, successful opposition to a CPLR 3215 motion for leave to enter a default judgment requires the same showing as an affirmative motion for leave to extend the time to answer (see Vellucci v Home Depot U.S.A., Inc., 102 AD3d at 768; Jennings v Queens Tribune Publs., LLC, 101 AD3d 1086, 1086 [2012]; PDK Labs, Inc. v G.M.G. Trans W. Corp., 101 AD3d 970, 970 [2012]; Weinstein v Schacht, 98 AD3d 1106, 1107 [2012]).
As we have discussed above, in opposition to the plaintiffs’ motion for leave to enter a default judgment, the defendant successfully demonstrated that it had a reasonable excuse for its default and a potentially meritorious defense. Thus, the defendant would have been entitled to the requested relief had it made a cross motion under CPLR 2215. Further, the defendant did not make its application “at some belated and unexpected point in the opposing papers” (18th Ann Rep of Jud Conf on CPLR at 137, reprinted in 1980 McKinney’s Session Laws of NY at 1932), but, rather, clearly and prominently articulated it at both the beginning and end of its opposition papers. Therefore, neither the plaintiffs nor the court could have inadvertently overlooked the defendant’s application and, indeed, neither did. The interest of judicial economy does not favor the denial of the type of relief sought in this action where, as here, the application was sufficiently supported and clearly articulated. Consequently, under the circumstances of this case, the Supreme Court did not improvidently exercise its discretion in ruling upon, and granting, the defendant’s application despite the absence of a formal cross motion (see CPLR 2001, 2004, 2215; Plateis v Flax, 54 AD2d 813, 814-815 [1976]).
*67 Accordingly, on the Court’s own motion, the notice of appeal from so much of the order as granted the defendant’s application, in effect, for leave to serve a late answer, and to compel the plaintiffs to accept that answer is deemed to be an application for leave to appeal from that portion of the order, leave to appeal from that portion of the order is granted, and the order is affirmed.
Angiolillo, J.R, Leventhal and Lott, JJ., concur.
Ordered that on the Court’s own motion, the notice of appeal from so much of the order as granted the defendant’s application, in effect, for leave to serve a late answer and to compel the plaintiffs to accept that answer is deemed to be an application for leave to appeal from that portion of the order, and leave to appeal from that portion of the order is granted (see CPLR 5701 [c]); and it is further,
Ordered that the order is affirmed, with costs.

. Section 306 (b) (2) of the Business Corporation Law provides for service of process on a registered agent. It says that “[a]n additional service of the summons may be made pursuant to paragraph four of subdivision (f) of section thirty-two hundred fifteen of the civil practice law and rules.” This cross reference is an anachronism, because of a statutory amendment. In 1992, the *60 legislature added a new subdivision (d) to CPLR 3215 and relettered the succeeding subdivisions as subdivisions (e) through (i) (see L 1992, ch 255). The legislature failed to adjust the cross reference in Business Corporation Law § 306 (b) (2) from CPLR 3215 (f) (4) to its relettered subdivision, (g) (4).

. After a subsequent amendment in 2007 (L 2007, ch 185, § 2), CPLR 2215 now says:
“At least three days prior to the time at which the motion is noticed to be heard, or seven days prior to such time if demand is properly made pursuant to subdivision (b) of rule 2214, a party may serve upon the moving party a notice of cross-motion demanding relief, with or without supporting papers; provided, however, that: *63 “(a) if such notice and any supporting papers are served by mailing, as provided in paragraph two of subdivision (b) of rule 2103, they shall be served three days earlier than as prescribed in this rule; and
“(b) if served by overnight delivery, as provided in paragraph six of subdivision (b) of rule 2103, they shall be served one day earlier than as prescribed in this rule. Relief in the alternative or of several different types may be demanded; relief need not be responsive to that demanded by the moving party.”

. Of course, as commentators have pointed out, a party may make an entirely new motion, but that would come at a cost of efficiency (see Siegel, NY Prac § 249 [5th ed 2011]; 4 Weinstein-Korn-Miller, NY Civ Prac ¶ 2215.01 at 22-90.1 — 22-91 [2d ed 2005]).

. We have also held that the trial court “lacked jurisdiction” to decide a plaintiffs request for cross relief in the absence of compliance with CPLR 2215 and 2103 (see Bucceri v Frazer, 297 AD2d 304, 306 [2002]; Marsico v Southland Corp., 148 AD2d 503, 506 [1989]; Fortanasce v Meyrowitz, 141 AD2d 606, 606 [1988]; Vanek v Mercy Hosp., 135 AD2d 707, 707-708 [1987]).