■ JACQUELINE RAPPEL, Respondent, v WINCOMA HOMEOWN-ERS ASSOCIATION, Defendant/Third-Party Plaintiff-Respondent, and ROGER AMBROSIO, INC., Defendant/Third-Party Defendant-Appellant, et al., Defendant/Third-Party Defendant. (And Another Title.) [4 NYS3d 276]—

In an action to recover damages for personal injuries, the defendant/third-party defendant Roger Ambrosio, Inc., appeals from an order of the Supreme Court, Suffolk County (Jones, Jr., J.), dated February 5, 2013, which granted the plaintiff's motion for leave to reargue her opposition to the motion of the defendant/third-party plaintiff Wincoma Homeowners Association for summary judgment dismissing the complaint and all cross claims insofar as asserted against it, which had been granted in an order of the same court dated November 14, 2012, and, upon reargument, vacated so much of the order dated November 14, 2012, as granted Wincoma Homeowners Association's motion, and thereupon denied the motion, and granted the application of Wincoma Homeowners Association, in effect, to reinstate its third-party complaint against Roger Ambrosio, Inc.

Ordered that the appeal from so much of the order dated February 5, 2013, as upon reargument, denied that branch of the motion of Wincoma Homeowners Association which was for summary judgment dismissing the complaint and all cross claims insofar as asserted against it is dismissed, as Roger Ambrosio, Inc., is not aggrieved by that portion of the order (*see* CPLR 5511; *Mixon v TBV, Inc.*, 76 AD3d 144 [2010]); and it is further,

Ordered that the order is reversed insofar as reviewed, with costs, and the application by Wincoma Homeowners Association, in effect, to reinstate its third-party complaint against Roger Ambrosio, Inc., is denied.

Contrary to the contention of the defendant/third-party defendant Roger Ambrosio, Inc. (hereinafter Ambrosio), the Supreme Court did not improvidently exercise its discretion in entertaining the application of the defendant/third-party plaintiff Wincoma Homeowners Association (hereinafter Wincoma), to, in effect, reinstate its third-party complaint against Ambrosio. Although Wincoma did not serve a notice of cross motion on Ambrosio, Ambrosio was aware of Wincoma's request for relief, opposed that request, and was not otherwise prejudiced by Wincoma's failure to serve a notice of motion. Under these circumstances, the Supreme Court did not err in entertaining the Wincoma application (*see Fried v Jacob Holding, Inc.*, 110 AD3d 56, 65 [2013]; *Fugazy v Fugazy*, 44 AD3d 613, 614 [2007]; *Rodriguez v County of Rockland*, 43 AD3d 1026, 1028 [2007]; *Tulley v Straus*, 265 AD2d 399, 401 [1999]).

However, the Supreme Court erred in granting Wincoma's application to reinstate its third-party complaint against Ambrosio, by which Wincoma sought common-law indemnifica-

tion from Ambrosio. "The principle of common-law, or implied, indemnification permits one who has been compelled to pay for the wrong of another to recover from the wrongdoer the damages it paid to the injured party" (*Curreri v Heritage Prop. Inv. Trust, Inc.*, 48 AD3d 505, 507 [2008]). "If . . . an injury can be attributed solely to negligent performance or nonperformance of an act solely within the province of [a] contractor, then the contractor may be held liable for indemnification to an owner" (*id.* at 507). A party that has actually participated in the wrongdoing is not entitled to indemnification (*see 17 Vista Fee Assoc. v Teachers Ins. & Annuity Assn. of Am.*, 259 AD2d 75, 80 [1999]).

Here, the record demonstrates that Wincoma, the owner of the property where the subject incident occurred, had actual and constructive notice of the allegedly defective condition which caused the plaintiff's injuries (*see Gordon v American Museum of Natural History*, 67 NY2d 836 [1986]; *see generally Baron v 305-323 E. Shore Rd. Corp.*, 121 AD3d 826 [2014]; *Totten v Cumberland Farms, Inc.*, 57 AD3d 653 [2008]). Moreover, the record shows that the injury cannot be attributed solely to the negligent performance or nonperformance of an act solely within the province of Ambrosio, which was an independent contractor (*see Curreri v Heritage Prop. Inv. Trust, Inc.*, 48 AD3d at 507). Ambrosio built the subject structure approximately one year prior to the accident, the structure was built pursuant to specifications provided by Wincoma, and the record shows that those specifications were not "patently defective" (*Nichols-Sisson v Windstar Airport Serv., Inc.*, 99 AD3d 770, 772 [2012] [internal quotation marks omitted]; *see Hartofil v McCourt & Trudden Funeral Home, Inc.*, 57 AD3d 943, 945 [2008]). Consequently, Wincoma could not be entitled to common-law indemnification from Ambrosio for any damages that may be assessed against it in this action (*see Talamas v Metropolitan Transp. Auth.*, 120 AD3d 1333 [2014]; *Baumann v Town of Islip*, 120 AD3d 603, 604-605 [2014]; *see also Nichols-Sisson v Windstar Airport Serv., Inc.*, 99 AD3d at 772). Skelos, J.P., Austin, Roman and LaSalle, JJ., concur. **[Prior Case History: 2012 NY Slip Op 32783(U).]**