■ YVES BRICE, Appellant, v CITY OF NEW YORK et al., Respondents. [33 NYS3d 316]—

In an action, inter alia, to recover damages for false arrest, unlawful imprisonment, assault, battery, malicious prosecution, and abuse of process, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Baynes, J.), dated December 12, 2014, as denied that branch of his motion which was pursuant to CPLR 3215 (a) for leave to enter a default judgment against the defendants Steven Franzel and Police Officer Samboni, upon their failure to appear or answer the complaint, and granted that branch of the defendants' cross motion which was to compel him to accept a second amended answer on behalf of those defendants.

Ordered that the order is affirmed insofar as appealed from, with costs.

In opposing a motion for leave to enter a default judgment based on a failure to timely appear or answer a complaint, a defendant must show a reasonable excuse for his or her delay in appearing or answering and a potentially meritorious

defense (*see Fried v Jacob Holding, Inc.*, 110 AD3d 56, 60 [2013]; *Wassertheil v Elburg, LLC*, 94 AD3d 753, 753 [2012]; *New Seven Colors Corp. v White Bubble Laundromat, Inc.*, 89 AD3d 701, 702 [2011]). The motion is addressed to the broad discretion of the court, which should also consider whether prejudice has resulted from the delay, whether there is evidence of willfulness on the defaulting defendant's part, and the strong public policy in favor of resolving cases on the merits (*see Fried v Jacob Holding, Inc.*, 110 AD3d at 60; *Jennings v Queens Tribune Publs., LLC*, 101 AD3d 1086, 1087 [2012]). Upon our review of the record, we discern no basis for disturbing the Supreme Court's determination denying the plaintiff's motion for leave to enter a default judgment against the defendants Steven Franzel and Derek H. Sambolin, incorrectly sued herein as Police Officer Samboni, and to grant the defendants' cross motion to compel the plaintiff to accept a second amended answer on behalf of those defendants (*see Fried v Jacob Holding, Inc.*, 110 AD3d at 66; *Harris v City of New York*, 30 AD3d 461, 464-466 [2006]). Mastro, J.P., Chambers, Dickerson and Connolly, JJ., concur.