■ HELGA INGVARSDOTTIR, Appellant, v GAINES, GRUNER, PONZINI & NOVICK, LLP, et al., Respondents, et al., Defendants.
[42 NYS3d 308]—

In an action to recover damages for legal malpractice, the plaintiff appeals from an order of the Supreme Court, Westchester County (O. Bellantoni, J.), dated August 14, 2014, which denied her motion for leave to enter a default judgment against the defendants Gaines, Gruner, Ponzini & Novick, LLP, and Denise M. Cossu upon their failure to appear or answer the complaint.

Ordered that the order is affirmed, with costs.

The summons and complaint in this action were served on the defendants Gaines, Gruner, Ponzini & Novick, LLP, and Denise M. Cossu (hereinafter together the defendants) on or about May 7, 2014. On May 30, 2014, just three days after the defendants' time to answer the complaint or appear in the action had expired, the plaintiff filed a motion for leave to enter a default judgment against them. The defendants opposed the motion, asserting that they had a reasonable excuse for their brief delay and a potentially meritorious defense. The Supreme Court denied the motion, and the plaintiff appeals.

On a motion for leave to enter a default judgment pursuant to CPLR 3215, a plaintiff is required to file proof of: (1) service of a copy or copies of the summons and the complaint, (2) the facts constituting the claim, and (3) the defendant's default (*see* CPLR 3215 [f]; *Fried v Jacob Holding, Inc.*, 110 AD3d 56, 59 [2013]). To defeat a facially adequate CPLR 3215 motion, a defendant must show either that there was no default, or that it has a reasonable excuse for its delay and a potentially meritorious defense to the action (*see Fried v Jacob Holding, Inc.*, 110 AD3d at 60; *Wassertheil v Elburg, LLC*, 94 AD3d 753 [2012]; *New Seven Colors Corp. v White Bubble Laundromat, Inc.*, 89 AD3d 701, 702 [2011]). "The motion is addressed to the broad discretion of the court, which should also consider whether prejudice has resulted from the delay, whether there is evidence of willfulness on the defaulting defendant's part, and the strong public policy in favor of resolving cases on the merits" (*Brice v City of New York*, 139 AD3d 888, 889 [2016]). "[I]n an appropriate case, a court may take into account insurance-company delay in determining whether there is a reasonable excuse" (*Fried v Jacob Holding, Inc.*, 110 AD3d at 60; *see Gerdes v Canales*, 74 AD3d 1017, 1018 [2010]; *Harcztark v Drive Variety, Inc.*, 21 AD3d 876 [2005]).

Here, the plaintiff satisfied her CPLR 3215 burden of proving service and the defendants' default, and submitted sufficient proof of the facts constituting her cause of action to

recover damages for legal malpractice on the basis that the defendants failed to timely provide notice on her behalf to the sole shareholder of her former employer of her intent to hold him liable for unpaid wages pursuant to Business Corporation Law § 630 (a).

In opposition, the defendants submitted evidence demonstrating that their very short delay in contacting the plaintiff's counsel after they defaulted was caused by their insurance carrier's efforts to assign counsel to defend them, that the plaintiff's motion for leave to enter a default judgment was filed just three days after the answer was due, and that they sought to remedy the situation once they found out that they were in default. This evidence demonstrated that the defendants' default was not willful and that there was no prejudice to the plaintiff resulting from it. Under the circumstances of this case, and in light of the strong public policy in favor of deciding matters on their merits, the Supreme Court's acceptance of the defendants' explanation as a reasonable excuse was a provident exercise of discretion (*see Fried v Jacob Holding, Inc.*, 110 AD3d at 61; *Gerdes v Canales*, 74 AD3d at 1018; *Merchants Ins. Group v Hudson Val. Fire Protection Co., Inc.*, 72 AD3d 762, 764 [2010]; *Harcztark v Drive Variety, Inc.*, 21 AD3d 876 [2005]). The defendants also demonstrated a potentially meritorious defense to the plaintiff's cause of action to recover damages for legal malpractice based on their alleged failure to timely provide notice on the plaintiff's behalf pursuant to Business Corporation Law § 630 (a) of her intent to hold the sole shareholder of her former employer liable for unpaid wages.

Accordingly, the Supreme Court providently exercised its discretion in denying the plaintiff's motion for leave to enter a default judgment against the defendants. Dillon, J.P., Dickerson, Duffy and Connolly, JJ., concur.