■ In the Matter of SINCLAIR HABERMAN et al., Petitioners, v ZONING BOARD OF APPEALS OF THE CITY OF LONG BEACH et al., Respondents, et al., Respondent. [58 NYS3d 585]—

In a hybrid proceeding pursuant to CPLR article 78 to review a determination of the Zoning Board of Appeals of the City of Long Beach dated December 29, 2003, which revoked a building permit previously issued to the petitioners/plaintiffs on August 12, 2003, and action, inter alia, for a judgment declaring that the petitioners/plaintiffs are entitled to the building permit, the Zoning Board of Appeals of the City of Long Beach,

Rocco Morelli, Lenny Torres, Marcel Weber, Michael Fina, Stuart Banschick, Lorraine Divone, and Michael Leonetti appeal, and the City of Long Beach and Scott Kemins, as Commissioner of the Department of Buildings of the City of Long Beach separately appeal, as limited by their respective briefs, from so much of an order of the Supreme Court, Nassau County (McCormack, J.), entered March 27, 2015, as granted the petitioners/plaintiffs' motion for leave to enter a default judgment against them and denied their respective cross motions for leave to file amended answers to the third amended petition/complaint.

Ordered that on the Court's own motion, the notice of appeal from so much of the order as granted the petitioners/plaintiffs' motion for leave to enter a default judgment on the causes of action seeking relief pursuant to CPLR article 78, and denied the appellants' respective cross motions for leave to file amended answers to those causes of action is deemed to be an application for leave to appeal from that portion of the order, and leave to appeal from that portion of the order is granted (*see* CPLR 5701 [c]); and it is further,

Ordered that the order is affirmed insofar as appealed from, with one bill of costs payable by the appellants appearing separately and filing separate briefs.

"On a motion for leave to enter a default judgment pursuant to CPLR 3215, the movant is required to submit proof of service of the summons and complaint, proof of the facts constituting its claim, and proof of the defaulting party's default in answering or appearing" (*Atlantic Cas. Ins. Co. v RJNJ Servs., Inc.*, 89 AD3d 649, 651 [2011]; *see* CPLR 3215 [f]; *Allstate Prop. & Cas. Ins. Co. v Carrier*, 147 AD3d 889, 890 [2017]; *Roy v 81E98th KH Gym, LLC*, 142 AD3d 985 [2016]; *Gershman v Ahmad*, 131 AD3d 1104, 1105 [2015]; *Dupps v Betancourt*, 99 AD3d 855 [2012]). "To defeat a facially adequate CPLR 3215 motion, a defendant must show either that there was no default, or that it has a reasonable excuse for its delay and a potentially meritorious defense to the action" (*Ingvarsdottir v Gaines, Gruner, Ponzini & Novick, LLP*, 144 AD3d 1097, 1098 [2016]; *Fried v Jacob Holding, Inc.*, 110 AD3d 56, 60 [2013]; *Wassertheil v Elburg, LLC*, 94 AD3d 753, 753 [2012]; *New Seven Colors Corp. v White Bubble Laundromat, Inc.*, 89 AD3d 701, 702 [2011]). "The motion is addressed to the broad discretion of the court, which should also consider whether prejudice has resulted from the delay, whether there is evidence of willfulness on the defaulting defendant's part, and the strong public policy in favor of resolving cases on the merits" (*Brice v*

*City of New York*, 139 AD3d 888, 889 [2016]; *see Ingvarsdottir v Gaines, Gruner, Ponzini & Novick, LLP*, 144 AD3d at 1098).

The appellants moved pursuant to CPLR 3211 (a) (7) and 7804 (f), inter alia, to dismiss the first, second, fifth, and sixth causes of action of the third amended petition/complaint insofar as asserted against them. By order dated September 13, 2010, the Supreme Court, inter alia, granted that branch of the motion. By decision and order dated April 17, 2012, this Court reversed that portion of the order (*see Matter of Haberman v Zoning Bd. of Appeals of City of Long Beach*, 94 AD3d 997 [2012]), and denied the motion. On October 4, 2012, the petitioners/plaintiffs served a written demand that an answer be served within 10 days. By establishing that the appellants failed to comply with that demand, the petitioners/plaintiffs established the appellants' default (*see* CPLR 3211 [f]). Contrary to the appellants' contention, the petitioners/plaintiffs were not required to provide proof of entry of the appellate order with the clerk of the original court (*see Rockland County Patrolmen's Benevolent Assn. v Town of Clarkstown*, 288 AD2d 456, 457 [2001]). Moreover, the Supreme Court providently exercised its discretion in finding that the appellants' proffered excuse was not reasonable (*see Gershman v Ahmad*, 131 AD3d at 1105; *Fried v Jacob Holding, Inc.*, 110 AD3d at 60; *Harcztark v Drive Variety, Inc.*, 21 AD3d 876, 876-877 [2005]).

Since the appellants failed to demonstrate a reasonable excuse for their default, we need not reach the issue of whether the appellants demonstrated the existence of a potentially meritorious defense (*see Matter of Foreclosure of Tax Liens*, 144 AD3d 1033, 1034 [2016]; *CEO Bus. Brokers, Inc. v Alqabili*, 105 AD3d 989, 990 [2013]; *Cantor v Flores*, 94 AD3d 936, 937 [2012]). Balkin, J.P., Roman, Hinds-Radix and LaSalle, JJ., concur.