Ospina-Cherner v Cherner (2019 NY Slip Op 09277)





Ospina-Cherner v Cherner


2019 NY Slip Op 09277


Decided on December 24, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 24, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
COLLEEN D. DUFFY
HECTOR D. LASALLE
VALERIE BRATHWAITE NELSON, JJ.


2016-11736
 (Index No. 2454/13)

[*1]Ana Ospina-Cherner, respondent, 
v
Daniel Cherner, appellant.


Pollack, Pollack, Isaac & DeCicco, LLP, New York, NY (Brian J. Isaac of counsel), for appellant.
Arnold S. Kronick, White Plains, NY, for respondent.



DECISION & ORDER
In a matrimonial action, the defendant appeals from an order of the Supreme Court, Westchester County (John P. Colangelo, J.), dated September 29, 2016. The order, insofar as appealed from, granted the plaintiff's motion to hold the defendant in civil contempt to the extent of directing the defendant to produce certain personal property to the plaintiff, and denied the defendant's application for an award of attorney's fees.
ORDERED that on the Court's own motion, the notice of appeal from so much of the order as denied the defendant's application for an award of attorney's fees is deemed to be an application for leave to appeal from that portion of the order, and leave to appeal from that portion of the order is granted (see CPLR 5701[c]); and it is further,
ORDERED that the order is affirmed insofar as appealed from; and it is further;
ORDERED that one bill of costs is awarded to the plaintiff.
The parties were divorced by judgment entered January 21, 2016, which incorporated a decision of the same court, made after a nonjury trial, equitably distributing the marital property. As relevant to this appeal, the Supreme Court directed the defendant to return certain personal property to the plaintiff. By order to show cause dated July 14, 2016, the plaintiff moved to hold the defendant in contempt, inter alia, for failing to return the personal property to her. The defendant opposed the motion and asked the court to award him attorney's fees. In an order dated September 29, 2016, the court granted the plaintiff's motion to the extent of directing the defendant to return certain personal property, and denied the defendant's application for an award of attorney's fees. The defendant appeals.
Contrary to the plaintiff's contention, the Supreme Court had discretion to consider the defendant's application for an award of attorney's fees, made in his opposition papers to the subject motion, even though he did not make a cross motion pursuant to CPLR 2215 (see Fried v Jacob Holding, Inc., 110 AD3d 56, 65). However, contrary to the defendant's contention, the court did not improvidently exercise its discretion in declining to make an award of attorney's fees (see DeCabrera v Cabrera-Rosete, 70 NY2d 879, 881-882).
The defendant's remaining contention is without merit.
MASTRO, J.P., DUFFY, LASALLE and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court