Browne v Lyft, Inc. (2023 NY Slip Op 04101)

Browne v Lyft, Inc.

2023 NY Slip Op 04101

Decided on August 2, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 2, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
ROBERT J. MILLER
LARA J. GENOVESI
JANICE A. TAYLOR, JJ.

2021-01539
 (Index No. 717499/19)

[*1]Linda Browne, etc., et al., appellants, 
v
Lyft, Inc., defendant, Narinderjit Singh, respondent.

Nora Constance Marino, Great Neck, NY, for appellants.
Krakower DiChiara, LLC, New York, NY (Thomas G. Merrill of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for negligence, the plaintiffs appeal from an order of the Supreme Court, Queens County (Robert J. McDonald, J.), dated January 29, 2021. The order denied the plaintiffs' motion for leave to enter a default judgment against the defendant Narinderjit Singh, and, in effect, granted the application of the defendant Narinderjit Singh for leave to serve a late answer and to compel the plaintiffs to accept service of that late answer.
ORDERED that on the Court's own motion, the notice of appeal from so much of the order as, in effect, granted the application of the defendant Narinderjit Singh for leave to serve a late answer and to compel the plaintiffs to accept service of that late answer is deemed to be an application for leave to appeal from that portion of the order, and leave to appeal from that portion of the order is granted (see CPLR 5701[c]); and it is further,
ORDERED that the order is affirmed; and it is further,
ORDERED that one bill of costs is awarded to the defendant Narinderjit Singh.
In their complaint, the plaintiffs allege that on October 12, 2018, the infant plaintiff used a mobile app operated by the defendant Lyft, Inc., to order a livery cab to transport her from a location in Bayside to a location in Flushing. A vehicle operated by the defendant Narinderjit Singh picked up the infant plaintiff. During the course of the ride, Singh allegedly unbuckled or unzipped his pants and began masturbating, and ceased doing so only upon noticing that he was being recorded on the infant plaintiff's cell phone.
On October 14, 2019, the plaintiffs commenced this action by filing a summons and complaint. On November 7, 2019, Singh was purportedly served with process. On March 3, 2020, the plaintiffs filed an amended complaint. On October 21, 2020, Singh was purportedly served with a supplemental summons and amended complaint. On or about November 23, 2020, the plaintiffs moved for leave to enter a default judgment against Singh. In opposition, Singh requested, inter alia, leave to serve a late answer and to compel the plaintiffs to accept service of that late answer. Singh submitted, among other things, an attorney's affirmation explaining the reasons for the delay in answering, and copies of hospital records dated only days before the subject incident evincing that Singh was treated for a condition which caused intense itching in areas around his groin. In the order appealed from, the Supreme Court denied the plaintiffs' motion for leave to enter a default judgment against Singh, and, in effect, granted Singh's application for leave to serve a late answer and to [*2]compel the plaintiffs to accept service of the late answer. The plaintiffs appeal.
To avoid the entry of a default judgment, a defendant who has failed to appear or answer the complaint must provide a reasonable excuse for the default and demonstrate a potentially meritorious defense to the action (see Jong Gwon Kim v Strippoli, 144 AD3d 982, 983). "Whether a proffered excuse is reasonable is a sui generis determination to be made by the court based on all relevant factors, including the extent of the delay, whether there has been prejudice to the opposing party, whether there has been willfulness, and the strong public policy in favor of resolving cases on the merits" (Nowakowski v Stages, 179 AD3d 822, 823 [internal quotation marks omitted]). "The determination of what constitutes a reasonable excuse lies within the discretion of the trial court" (Corvera v Prime Source Dev., LLC, 172 AD3d 1161, 1163; see Fried v Jacob Holding, Inc., 110 AD3d 56, 60).
Here, given the totality of all relevant factors, including the short delay in answering the amended complaint, that Singh's delay was not willful, the lack of any prejudice to the plaintiffs resulting from Singh's delay, the existence of a potentially meritorious defense, and the strong public policy favoring the resolution of cases on the merits, the Supreme Court providently exercised its discretion in denying the plaintiffs' motion for leave to enter a default judgment against Singh, and, in effect, granting Singh's application for leave to serve a late answer and to compel the plaintiffs to accept service of that late answer (see Nowakowski v Stages, 179 AD3d at 824; Fried v Jacob Holding, Inc., 110 AD3d at 66).
The parties' remaining contentions either are not properly before this Court or need not be reached in light of our determination.
BARROS, J.P., MILLER, GENOVESI and TAYLOR, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court