Nationstar Mtge., LLC v Persaud (2025 NY Slip Op 00457)

Nationstar Mtge., LLC v Persaud

2025 NY Slip Op 00457

Decided on January 29, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 29, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
ROBERT J. MILLER
HELEN VOUTSINAS
LOURDES M. VENTURA, JJ.

2023-06412
 (Index No. 503618/15)

[*1]Nationstar Mortgage, LLC, plaintiff, 
v
Rajen Persaud, etc., respondent, et al., defendants; U.S. Bank Trust National Association, etc., nonparty-appellant.

Friedman Vartolo LLP, New York, NY (Sean K. Monahan of counsel), for nonparty-appellant.
Malewski, Malewski & Boccio, LLP, Brooklyn, NY (Richard J. Boccio of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, nonparty U.S. Bank Trust National Association, as assignee of the plaintiff, appeals from an order of the Supreme Court, Kings County (Larry D. Martin, J.), dated April 24, 2023. The order denied the motion of nonparty U.S. Bank Trust National Association, inter alia, for a judgment of foreclosure and sale, and, in effect, granted the cross-application of the defendant Rajen Persaud to vacate his default in failing to appear at a pretrial conference and a pre-inquest conference and to restore the action to the trial calendar.
ORDERED that on the Court's own motion, the notice of appeal from so much of the order as, in effect, granted the cross-application of the defendant Rajen Persaud to vacate his default in failing to appear at a pretrial conference and a pre-inquest conference and to restore the action to the trial calendar is deemed to be an application for leave to appeal from that portion of the order, and leave to appeal from that portion of the order is granted (see CPLR 5701[c]); and it is further,
ORDERED that the order is affirmed, with costs.
The plaintiff commenced this action to foreclose a mortgage encumbering certain real property against, among others, the defendant Rajen Persaud (hereinafter the defendant). U.S. Bank Trust National Association (hereinafter U.S. Bank), as assignee of the plaintiff, moved, inter alia, for a judgment of foreclosure and sale. The defendant opposed the motion and made a cross-application to vacate his default in failing to appear at a pretrial conference and a pre-inquest conference and to restore the action to the trial calendar (see Fried v Jacob Holding, Inc., 110 AD3d 56). In an order dated April 24, 2023, the Supreme Court denied U.S. Bank's motion and, in effect, granted the defendant's cross-application. U.S. Bank appeals.
To vacate a default in appearing at a scheduled court conference, a defendant must demonstrate a reasonable excuse for the default and a potentially meritorious defense (see Cho v Ibrahina, 229 AD3d 610, 611). "A motion to vacate a default is addressed to the sound discretion of the motion court. In making that discretionary determination, the court should consider relevant factors, such as the extent of the delay, prejudice or lack of prejudice to the opposing party, whether [*2]there has been willfulness, and the strong public policy in favor of resolving cases on the merits" (Bank of N.Y. Mellon v Faragalla, 174 AD3d 677, 678 [citations and internal quotation marks omitted]).
In this case, the Supreme Court providently exercised its discretion by, in effect, granting the defendant's cross-application to vacate his default and to restore the action to the trial calendar. His excuse, relating to his former counsel's illness, disbarment, and subsequent death, was reasonable under the circumstances. Further, the defendant demonstrated a potentially meritorious defense based on the plaintiff's alleged lack of compliance with RPAPL 1304.
U.S. Bank's remaining contentions are without merit.
Accordingly, the Supreme Court properly denied U.S. Bank's motion, inter alia, for a judgment of foreclosure and sale, and, in effect, granted the defendant's cross-application to vacate his default in failing to appear at a pretrial conference and a pre-inquest conference and to restore the action to the trial calendar.
DILLON, J.P., MILLER, VOUTSINAS and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court