| |
|---|
| **Iwanska v Sturm** |
| 2025 NY Slip Op 34403(U) |
| November 18, 2025 |
| Supreme Court, Kings County |
| Docket Number: Index No. 520247/2025 |
| Judge: Reginald A. Boddie |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

At an IAS Commercial Part 12 of the Supreme Court of the State of New York, held in and for the County of Kings, at the Courthouse, located at 360 Adams Street, Borough of Brooklyn, City and State of New York on the 18th day of November 2025.

PRESENT:
Honorable Reginald A. Boddie
Justice, Supreme Court

-------------------------------------------------------------------------X

DOMINIKA IWANSKA, Individually and as Member and Manager of Charlie Arthur Dog Care LLC and as a Member and Manager of Arthur Charlie Dog Care LLC,

               Plaintiff,

        -against-

ADAM STURM and STURM, INC.,

             Defendants.

-------------------------------------------------------------------------X

Index No. 520247/2025

Cal. 12  MS 1

**Decision and Order**

The following e-filed papers read herein:        NYSCEF Doc Nos.

MS 1                                    4-11, 16-19

Plaintiff's motion for a default judgment is decided as follows:

## Background

This action arises out of plaintiff's allegations that her 50% business partner, defendant Adam Sturm ("Mr. Sturm") and his company Sturm, Inc. ("Sturm"), breached their fiduciary duties, duties of care, contractual obligations, and duty of loyalty in connection with two jointly owned dog-daycare LLCs. Plaintiff moves for a default judgment seeking orders expelling defendants from both LLCs, cancelling all of their membership interests, and referring the matter to an inquest on damages. Plaintiff asserts that defendants were properly served, received the required CPLR 3215(g)(3) additional mailings and failed to appear or answer. Plaintiff further

1

asserts that defendants abandoned their obligations to the LLCs, concealed financial and operational information, usurped LLC business opportunities, and opened a competing dog-daycare using the LLCs' design, pricing, and intellectual property, causing substantial harm and warranting the requested relief.

In opposition, defendants argue the motion should be denied because service was improper: plaintiff allegedly failed to complete the mailing required under CPLR 308(4), and defendants only found the papers after returning from Florida, where Mr. Sturm had been caring for his ailing parents. Defendants contend that they acted promptly upon learning of the lawsuit, caused no prejudice to plaintiff, and have meritorious defenses, including that Sturm actively contributed to the business, that plaintiff's allegations are false and motivated by post-divorce hostilities, and that plaintiff herself obstructed Sturm and created a hostile workplace.

In reply, plaintiff argues that service of process was proper, as evidenced by the affidavit of service documenting three prior attempts, valid CPLR 308(4) nail-and-mail service, and a July 17, 2025 mailing marked "personal and confidential," followed by additional CPLR 3215(g)(3) mailings on September 10 and October 2. Plaintiff notes that service on Sturm via the Secretary of State is uncontested, and asserts that defendants have shown no excusable neglect and remain in default, having neither served an answer nor sought an extension of time to serve an answer. Plaintiff requests that the Court grant default judgment or, alternatively, set a firm deadline for defendants to answer.

### Discussion

"To defeat a facially adequate CPLR 3215 motion, a defendant must show either that there was no default, or that it has a reasonable excuse for its delay and a potentially meritorious defense" (*Fried v Jacob Holding, Inc.*, 110 AD3d 56, 60 [2d Dept 2013] [citations omitted]). "Whether a proffered excuse is reasonable is a sui generis determination to be made by the court based on all

2

[* 2]

relevant factors, including the extent of the delay, whether there has been prejudice to the opposing party, whether there has been willfulness, and the strong public policy in favor of resolving cases on the merits" (*id.* [internal quotation marks omitted]).

Here, although plaintiff attempted personal service on three different dates, those dates were three consecutive days: July 14, 15, and 16, 2025 (*see* NYSCEF Doc No. 8). The process server's affidavit reflects that no person of suitable age or discretion was present on any of those three attempts. Mr. Sturm's sworn affirmation, stating that he spent extended periods in Florida managing the healthcare of his seriously ill parents during this timeframe, lends credibility to the assertion that he was not present at the New York residence during the days service was attempted.

After plaintiff's mid-July service efforts and additional CPLR 3215(g)(3) mailings, plaintiff filed the instant motion on October 24, 2025. Defendants appeared and filed detailed opposition papers on November 5, 2025, less than two weeks later, demonstrating prompt action upon actual notice of the lawsuit and the absence of willful default.

Considering the short duration of the delay, plaintiff's failure to demonstrate any prejudice, and New York's strong public policy favoring resolution of disputes on the merits, particularly in a case presenting substantial factual issues and significant requested relief, the Court concludes that defendants have shown both a reasonable excuse for their default and a potentially meritorious defense. Accordingly, the motion for a default judgment is denied.

## Conclusion

Based on the foregoing, plaintiff's motion for default judgment is denied. It is further ORDERED that defendants shall serve and file an Answer or otherwise respond to the verified complaint within 30 days of entry of this Decision and Order.

[* 3]

Any argument not explicitly addressed herein was considered and deemed to be without merit or unnecessary to address given the court's determination.

ENTER:

_____

Honorable Reginald A. Boddie
Justice, Supreme Court

HON. REGINALD A. BODDIE
J.S.C.

4

[* 4]