■ Barbara Dunn, Appellant, v Vincent Gelardi, Respondent. [872 NYS2d 528]—

In an action to recover damages for defamation, the plaintiff appeals from an order of the Supreme Court, Putnam County (O'Rourke, J.), dated December 11, 2007, which granted the defendant's motion pursuant to CPLR 3211 (a) (7) to dismiss the complaint for failure to state a cause of action.

Ordered that the order is reversed, on the law, with costs, and the defendant's motion to dismiss the complaint pursuant to CPLR 3211 (a) (7) for failure to state a cause of action is denied.

"In reviewing a motion to dismiss under CPLR 3211 (a) (7) for failure to state a cause of action, the allegations of the complaint are deemed to be true. The pleading will be deemed to allege whatever may be implied from its statements by reasonable intendment and the court must give the pleader the benefit of all favorable inferences that may be drawn from the complaint . . . (*see Campaign for Fiscal Equity v State of New York,* 86 NY2d 307, 318 [1995])" (*Johnson v Kings County Dist. Attorney's Off.,* 308 AD2d 278, 284 [2003]; *see also Leon v Martinez,* 84 NY2d 83, 87-88 [1994]).

The circumstances under which the defendant allegedly made the statements at issue do not entitle him to absolute immunity from an action alleging defamation (*see Toker v Pollak,* 44 NY2d 211, 220 [1978]; *Chetrick v Cohen,* 305 AD2d 359, 361 [2003]). The allegation that the defendant made the statements with knowledge that they were not true is a sufficient allegation of malice to overcome any qualified privilege to which the defendant might be entitled (*see Liberman v Gelstein,* 80 NY2d 429, 437-438 [1992]).

Viewing the allegations of the complaint as true, and according the plaintiff the benefit of every favorable inference, the allegations are sufficient to state a cause of action to recover damages for defamation (*see Ingber v Mallilo,* 52 AD3d 569, 570 [2008]; *Sheridan v Carter,* 48 AD3d 444 [2008]; *Matovcik v Times Beacon Record Newspapers,* 46 AD3d 636 [2007]; *Kotowski v Hadley,* 38 AD3d 499 [2007]). Accordingly, the Supreme Court should have denied the defendant's motion pursuant to CPLR 3211 (a) (7) to dismiss the complaint for failure to state a cause of action. Miller, J.P., Angiolillo, Belen and Chambers, JJ., concur.