■ JONG GWON KIM et al., Appellants, v DOMENICO STRIP-POLI et al., Respondents. [42 NYS3d 245]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Nassau County (K. Murphy, J.), dated September 15, 2015, which denied their motion pursuant to CPLR 3215 for leave to enter a default judgment against the defendants and granted the defendants' cross motion pursuant to CPLR 3012 (d) for an extension of time to serve and file a late answer to the complaint and to compel the plaintiffs to accept a late answer.

Ordered that the order is affirmed, with costs.

Contrary to the plaintiffs' contention, the Supreme Court providently exercised its discretion in denying their motion pursuant to CPLR 3215 for leave to enter a default judgment against the defendants and in granting the defendants' cross motion pursuant to CPLR 3012 (d) for leave to serve and file a late answer and to compel the plaintiffs to accept a late answer. In order to avoid the entry of a default judgment, a defendant who has failed to appear or answer the complaint must provide a reasonable excuse for the default and demonstrate a potentially meritorious defense to the action (*see Brice v City of New York*, 139 AD3d 888, 888-889 [2016]; *Juseinoski v Board of Educ. of City of N.Y.*, 15 AD3d 353, 356-357 [2005]; *Ennis v Lema*, 305 AD2d 632, 633 [2003]). In addition, CPLR 3012 (d) provides that a court may extend the time to appear or plead, or compel the acceptance of an untimely pleading, "upon such terms as may be just and upon a showing of reasonable excuse for delay or default" (CPLR 3012 [d]; *see Stephan B. Gleich & Assoc. v Gritsipis*, 87 AD3d 216, 226 [2011]). "Whether there is a reasonable excuse for a default is a discretionary, sui generis determination to be made by the court based on all relevant factors, including the extent of the delay, whether there has been prejudice to the opposing party, whether there has been willfulness, and the strong public policy in favor of resolving cases on the merits" (*Harcztark v Drive Variety, Inc.*, 21 AD3d 876, 876-877 [2005]; *see Gomez v Gomez-Trimarchi*, 137 AD3d 972, 973 [2016]).

Here, the record supports the Supreme Court's determination that the defendants had a reasonable excuse for their failure to serve a timely answer. The defendants, who had promptly notified their insurer of the occurrence of the accident, of the service of the summons and complaint, and of the service of the plaintiffs' motion for leave to enter a default judgment, reasonably relied on their insurer to interpose an answer. Within two weeks after the subject accident, the defendants' insurer notified the plaintiffs of the defendants' cover-

age and that the insurer's investigation of the accident led it to believe that the defendants were not liable to the plaintiffs. In opposition to the plaintiffs' motion and in support of their own cross motion, the defendants submitted evidence from their insurer demonstrating that the insurer had always intended to fully defend the claim on the defendants' behalf, but, due to an administrative error, the summons and complaint were not assigned to an attorney, notwithstanding that the defendants had promptly reported the suit to the insurer. Upon receipt of the plaintiffs' motion, the insurer promptly assigned an attorney, who engaged in the instant motion practice. Under these circumstances, the Supreme Court properly found that the defendants had a reasonable excuse for their default (*see Merchants Ins. Group v Hudson Val. Fire Protection Co., Inc.*, 72 AD3d 762, 764 [2010]; *Harcztark v Drive Variety, Inc.*, 21 AD3d at 876-877; *Seccombe v Serafina Rest. Corp.*, 2 AD3d 516 [2003]). The defendants also submitted evidence as to a potentially meritorious defense, and there was no evidence that the plaintiffs were prejudiced by the delay. Accordingly, the Supreme Court providently exercised its discretion in denying the plaintiffs' motion and in granting the defendants' cross motion. Leventhal, J.P., Miller, LaSalle and Brathwaite Nelson, JJ., concur.