Sargsyan v Kaieteur Constr., Inc. (2019 NY Slip Op 02576)





Sargsyan v Kaieteur Constr., Inc.


2019 NY Slip Op 02576


Decided on April 3, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 3, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
HECTOR D. LASALLE
BETSY BARROS
ANGELA G. IANNACCI, JJ.


2018-06866
 (Index No. 713454/16)

[*1]Karine Sargsyan, etc., appellant,
v
Kaieteur Construction, Inc., respondent.


Cohen & Cohen Law Group, P.C., Forest Hills, NY (Charles Haviv and Albert I. Cohen of counsel), for appellant.
Eileen Farrell, New York, NY, for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Joseph J. Risi, J.), entered April 17, 2018. The order granted the defendant's cross motion to compel the plaintiff to accept its late answer and denied, as academic, the plaintiff's motion for leave to enter a default judgment against the defendant on the issue of liability.
ORDERED that the order is reversed, on the law and in the exercise of discretion, with costs, the defendant's cross motion to compel the plaintiff to accept its late answer is denied, and the plaintiff's motion for leave to enter a default judgment against the defendant on the issue of liability is granted.
The plaintiff commenced this action to recover damages for personal injuries she allegedly sustained when she tripped and fell on construction debris on the sidewalk in front of two adjoining premises located in Queens. The plaintiff alleged that the construction debris was left on the sidewalk by the defendant, who the plaintiff further alleged was performing construction work at one or both of the subject premises. The plaintiff served the summons and complaint upon the defendant through the New York State Department of State on November 30, 2016. An additional copy of the summons and complaint was served upon the defendant by first class mail on March 20, 2017, along with a notice by the plaintiff that the time for the defendant to serve an answer had expired and that if the answer was not received within 30 days of the notice, the plaintiff would move for leave to enter a default judgment. The defendant served its answer on June 28, 2017. On July 6, 2017, the plaintiff rejected the defendant's answer as untimely. On November 12, 2017, the plaintiff moved pursuant to CPLR 3215 for leave to enter a default judgment against the defendant on the issue of liability. On November 19, 2017, the defendant cross-moved pursuant to CPLR 3012(d) to compel the plaintiff to accept its late answer. By order entered April 17, 2018, the Supreme Court granted the defendant's cross motion and denied the plaintiff's motion as academic. The plaintiff appeals, and we reverse.
"In order to avoid the entry of a default judgment, a defendant who has failed to appear or answer the complaint must provide a reasonable excuse for the default and demonstrate [*2]a potentially meritorious defense to the action" (Jong Gwon Kim v Strippoli, 144 AD3d 982, 983). A defendant who moves pursuant to CPLR 3012(d) to compel the plaintiff to accept late service of an answer is required to make a similar showing (see Jong Gwon Kim v Strippoli, 144 AD3d at 983). CPLR 3012(d) expressly provides that "[u]pon the application of a party, the court may extend the time to appear or plead, or compel the acceptance of a pleading untimely served, upon such terms as may be just and upon a showing of reasonable excuse for delay or default." While "[t]he determination of what constitutes a reasonable excuse lies within the Supreme Court's discretion" (Gershman v Ahmad, 131 AD3d 1104, 1105; see Stewart Tit. Ins. Co. v Bank of N.Y. Mellon, 154 AD3d 656, 661), a general excuse that the default was caused by delays occasioned by the defendant's insurance carrier is insufficient (see Lemberger v Congregation Yetev Lev D'Satmar, Inc., 33 AD3d 671, 672; Juseinoski v Board of Educ. of City of N.Y., 15 AD3d 353; Campbell v Ghafoor, 8 AD3d 316, 317).
Here, the defendant attributed its more than six-month delay in serving its answer, in large part, to the conduct of its insurance carrier, and provided no excuse for its four-month delay in moving to compel the plaintiff to accept its late answer after it was rejected by the plaintiff as untimely. The defendant's further contention that its delay was caused by a fire at its office on March 5, 2017, only was raised in an attorney's affirmation in opposition to the plaintiff's motion, and was unsupported by any competent evidence. As such, the defendant failed to proffer a reasonable excuse for its delay. In view of the lack of a reasonable excuse, it is unnecessary to consider whether the defendant demonstrated a potentially meritorious defense. Accordingly, the Supreme Court improvidently exercised its discretion in granting the defendant's cross motion and denying the plaintiff's motion.
SCHEINKMAN, P.J., LASALLE, BARROS and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court