Jin Long Liu v CPS Contr. Co., Inc. (2020 NY Slip Op 06763)





Jin Long Liu v CPS Contr. Co., Inc.


2020 NY Slip Op 06763


Decided on November 18, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 18, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
SHERI S. ROMAN
BETSY BARROS
VALERIE BRATHWAITE NELSON, JJ.


2018-13565
 (Index No. 504630/18)

[*1]Jin Long Liu, et al., appellants, 
v
CPS Contracting Co., Inc., respondent, et al., defendant.


Wade T. Morris, New York, NY (Kenneth J. Gorman of counsel), for appellants.
Kelly, Rode & Kelly, LLP, Mineola, NY (Eric P. Tosca of counsel), for respondent and defendant Klodian Hysa.



DECISION & ORDER
In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Kings County (David B. Vaughan, J.), dated October 23, 2018. The order, insofar as appealed from, denied that branch of the plaintiffs' motion which was for leave to enter a default judgment against the defendant CPS Contracting Co., Inc., on the issue of liability.
ORDERED that the order is affirmed insofar as appealed from, with costs.
On January 11, 2018, the plaintiff Jin Long Liu (hereinafter the injured plaintiff) allegedly was injured when the motorcycle he was operating on a roadway in Brooklyn collided with a truck owned by the defendant CPS Contracting Co., Inc. (hereinafter CPS), and operated by the defendant Klodian Hysa. In March 2018, the injured plaintiff, and his wife suing derivatively, commenced this action against the defendants. An affidavit of service dated March 22, 2018, indicates that service on CPS was made pursuant to Business Corporation Law § 306 on March 20, 2018, by delivery of the summons and complaint to the New York Secretary of State. A separate affidavit of service dated March 22, 2018, indicates that on March 12, 2018, the summons and complaint were personally delivered to Hysa at his home in Staten Island. Neither defendant answered or appeared in the action. Thereafter, the plaintiffs moved for leave to enter a default judgment against the defendants on the issue of liability. As relevant here, the Supreme Court denied that branch of the plaintiffs' motion which was for leave to enter a default judgment against CPS on the issue of liability. The plaintiffs appeal.
"'In order to avoid the entry of a default judgment, a defendant who has failed to appear or answer the complaint must provide a reasonable excuse for the default and demonstrate a potentially meritorious defense to the action'" (Yuxi Li v Caruso, 161 AD3d 1132, 1133, quoting Jong Gwon Kim v Strippoli, 144 AD3d 982, 983). "Whether there is a reasonable excuse for a default is a discretionary, sui generis determination to be made by the court based on all relevant factors, including the extent of the delay, whether there has been prejudice to the opposing party, whether there has been willfulness, and the strong public policy in favor of resolving cases on the merits" (Harcztark v Drive Variety, Inc., 21 AD3d 876, 876-877).
Contrary to the plaintiffs' contention, the Supreme Court providently exercised its [*2]discretion in denying that branch of their motion which was for leave to enter a default judgment against CPS on the issue of liability. CPS's delay was not willful, as evidenced by the fact that its proposed verified answer dated August 6, 2018, annexed as an exhibit to its opposition papers, was provided to the plaintiffs within five months after service was effectuated, and there is no evidence that the plaintiffs were prejudiced by the delay. Furthermore, CPS, through Hysa's affidavit, demonstrated the existence of a potentially meritorious defense, and public policy favors the resolution of cases on their merits (see Nowakowski v Stages, 179 AD3d 822).
DILLON, J.P., ROMAN, BARROS and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court