Ekonomakos v Levy (2022 NY Slip Op 06909)

Ekonomakos v Levy

2022 NY Slip Op 06909

Decided on December 7, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 7, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
VALERIE BRATHWAITE NELSON
CHERYL E. CHAMBERS
LILLIAN WAN, JJ.

2021-08719
 (Index No. 524698/19)

[*1]Abel Ekonomakos, respondent, 
v
Nissim Levy, et al., appellants, et al., defendant.

David M. Fish, P.C., Garden City, NY, for appellants.
Garry Pogil, New York, NY, for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the defendants Nissim Levy and Daniel Shulmann appeal from an order of the Supreme Court, Kings County (Reginald A. Boddie, J.), dated November 4, 2021. The order granted the plaintiff's motion for leave to enter a default judgment against the defendants Nissim Levy and Daniel Shulmann.
ORDERED that the order is affirmed, with costs.
To defeat a facially sufficient motion for leave to enter a default judgment, a defendant who has failed to appear or answer the complaint must provide a reasonable excuse for the default and demonstrate a potentially meritorious defense to the action (see Bank of N.Y. v DeJohn, 207 AD3d 510, 511; Jong Gwon Kim v Strippoli, 144 AD3d 982, 983). "Whether a proffered excuse is reasonable is a sui generis determination to be made by the court based on all relevant factors, including the extent of the delay, whether there has been prejudice to the opposing party, whether there has been willfulness, and the strong public policy in favor of resolving cases on the merits" (Nowakowski v Stages, 179 AD3d 822, 823 [internal quotation marks omitted]). "The determination of what constitutes a reasonable excuse lies within the discretion of the trial court" (Covera v Prime Source Dev., LLC, 172 AD3d 1161, 1163; see Fried v Jacob Holding, Inc., 110 AD3d 56, 60).
Here, the Supreme Court providently exercised its discretion in determining that the defendants Nissim Levy and Daniel Schulmann (hereinafter together the defendants) failed to proffer a reasonable excuse for their default in answering the complaint. Contrary to the defendants' contention, their belated service of an answer, without leave of court and nearly two years after they were validly served with process (see CPLR 3012[d]), does not evince lack of willfulness or diligence. Moreover, the defendants' unsuccessful challenge to the validity of the service of process upon them does not constitute a reasonable excuse (see Deutsche Bank Natl. Trust Co. v Benitez, 179 AD3d 891; US Bank, N.A. v Dedomenico, 162 AD3d 962).
In light of the defendants' failure to demonstrate a reasonable excuse, we need not consider whether they had a potentially meritorious defense to the action (see Mazzola v Village Hous. Assoc., LLC, 164 AD3d 668, 669).
BARROS, J.P., BRATHWAITE NELSON, CHAMBERS and WAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court