USCHAG Corp. v Flagstar Bank, FSB (2023 NY Slip Op 05164)

USCHAG Corp. v Flagstar Bank, FSB

2023 NY Slip Op 05164

Decided on October 11, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 11, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
LARA J. GENOVESI
HELEN VOUTSINAS
LILLIAN WAN, JJ.

2021-07382
 (Index No. 600166/21)

[*1]USCHAG Corp., respondent, 
v
Flagstar Bank, FSB, et al., defendants, HUB International Limited, appellant.

Kiernan Trebach, New York, NY (Michelle L. Bochner of counsel), for appellant.
Frank J. Prochilo, Brooklyn, NY, for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for negligence, the defendant HUB International Limited appeals from an order of the Supreme Court, Nassau County (Roy S. Mahon, J.), entered September 30, 2021. The order, insofar as appealed from, denied that defendant's motion pursuant to CPLR 3211(a)(7) to dismiss the first amended complaint insofar as asserted against it.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff alleged in the first amended complaint that it was the victim of a fraudulent scheme in which it was induced to transfer $81,750 to the defendants Pay Ekeleme, LLC, and Paul Ekeleme by an email allegedly sent by an employee of the defendant HUB International Limited (hereinafter HUB), who was assisting the plaintiff in obtaining an insurance bond on a potential business investment. The email allegedly sent by the HUB employee was a fraudulent "spoof" email sent by a third party. The plaintiff alleges that HUB was negligent in, inter alia, failing to comply with its own cybersecurity policies and failing to warn the public or its clients of the issue. HUB moved pursuant to CPLR 3211(a)(7) to dismiss the first amended complaint insofar as asserted against it. The Supreme Court denied the motion, and HUB appeals.
On a motion to dismiss a complaint pursuant to CPLR 3211(a)(7), the court must afford the complaint a liberal construction, accept the facts as alleged in the complaint as true, accord the plaintiff the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory (see Leon v Martinez, 84 NY2d 83, 87-88; SV Vernon 43, LLC v Malik, 138 AD3d 730, 731). Although a court may consider materials submitted by the defendant in support of its motion, the materials must establish conclusively that the plaintiff has no cause of action (see Yu Chen v Kupoint [USA] Corp., 160 AD3d 787, 788-789; Phillips v Taco Bell Corp., 152 AD3d 806, 807; Bokhour v GTI Retail Holdings, Inc., 94 AD3d 682, 683).
Here, the Supreme Court correctly determined that the plaintiff stated a cause of action against HUB in the first amended complaint. Accepting the facts as alleged in the complaint as true, and according the plaintiff the benefit of every possible inference, the facts as alleged fit within theories of negligence and gross negligence. The materials submitted by HUB in support of [*2]its motion did not establish conclusively that the plaintiff has no cause of action (see Yu Chen v Kupoint [USA] Corp., 160 AD3d at 788-789). Whether the plaintiff can ultimately establish its allegations is not part of the calculus in determining a motion to dismiss a complaint pursuant to CPLR 3211(a)(7) (see Carlson v American Intl. Group, Inc., 30 NY3d 288, 298; Davila v Orange County, 215 AD3d 632, 633).
Accordingly, the Supreme Court properly denied HUB's motion pursuant to CPLR 3211(a)(7) to dismiss the first amended complaint insofar as asserted against it.
CONNOLLY, J.P., GENOVESI, VOUTSINAS and WAN, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court