Schapers v West Lawrence Care Ctr., LLC (2025 NY Slip Op 04928)

Schapers v West Lawrence Care Ctr., LLC

2025 NY Slip Op 04928

Decided on September 10, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 10, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
VALERIE BRATHWAITE NELSON
HELEN VOUTSINAS
CARL J. LANDICINO, JJ.

2023-09456
 (Index No. 725033/22)

[*1]Trevor Schapers, etc., appellant, 
v
West Lawrence Care Center, LLC, respondent.

Krentsel Guzman Herbert, LLP (Horn Appellate Group, Brooklyn, NY [Scott T. Horn], of counsel), for appellant.
Caitlin Robin & Associates, PLLC, New York, NY (Caitlin A. Robin and Mark Laughlin of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for wrongful death, the plaintiff appeals from an order of the Supreme Court, Queens County (Robert I. Caloras, J.), dated July 28, 2023. The order granted the defendant's motion pursuant to CPLR 3211(a)(7) to dismiss the complaint.
ORDERED that the order is reversed, on the law, with costs, and the defendant's motion pursuant to CPLR 3211(a)(7) to dismiss the complaint is denied.
From January 1, 2013, through May 7, 2020, John Schapers (hereinafter the decedent) was a resident of a facility operated by the defendant, West Lawrence Care Center, LLC, and under the care of its employees. The decedent allegedly contracted COVID-19 while under the defendant's care, resulting in his death from related complications on May 7, 2020. The plaintiff, the administrator of the decedent's estate, commenced this action against the defendant, asserting causes of action alleging violations of Public Health Law §§ 2801-d and 2803-c, negligence, gross negligence, and wrongful death.
The defendant moved pursuant to CPLR 3211(a)(7) to dismiss the complaint, contending, inter alia, that it was immune from liability pursuant to the provisions of the Emergency or Disaster Treatment Protection Act (EDTPA) (Public Health Law former art 30-D, §§ 3080-3082, repealed by L 2021, ch 96, § 1), and that the repeal of the EDTPA did not apply retroactively. In an order dated July 28, 2023, the Supreme Court granted the defendant's motion. The plaintiff appeals.
On a motion pursuant to CPLR 3211(a)(7) to dismiss a complaint for failure to state a cause of action, a court must "accept the facts as alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (Leon v Martinez, 84 NY2d 83, 87-88; see Mera v New York City Health & Hosps. Corp., 220 AD3d 668, 669). "Although a court may consider materials submitted by the defendant in support of its motion, the materials must establish conclusively that the plaintiff has no cause of action" (USCHAG Corp. v Flagstar Bank, FSB, 220 AD3d 823, 824).
During the early stages of the COVID-19 pandemic, the New York State Legislature passed the EDTPA in an effort to provide a measure of relief for health care facilities in their attempts to care for patients with the disease. The EDTPA initially provided, with exceptions, that a health care facility "shall have immunity from any liability, civil or criminal, for any harm or damages alleged to have been sustained as a result of an act or omission in the course of arranging for or providing health care services" (Mera v New York City Health & Hosps. Corp., 220 AD3d at [*2]669 [internal quotation marks omitted]). To qualify for immunity, a health care facility is required to demonstrate that it met three requirements: that (1) the services were arranged for or provided pursuant to a COVID-19 emergency rule or otherwise in accordance with applicable law, (2) the act or omission was impacted by decisions or activities that were in response to or as a result of the COVID-19 outbreak and in support of the State's directives, and (3) the services were arranged or provided in good faith (see Mera v New York City Health & Hosps. Corp, 220 AD3d at 669). The Legislature repealed the EDTPA in 2021.
The plaintiff contends, among other things, that the Supreme Court erred in determining that the repeal of the EDTPA does not apply retroactively. This argument is unavailing. This Court has concluded that the repeal of the EDTPA does not apply retroactively (see Damon v Clove Lakes Healthcare and Rehabilitation Ctr., Inc., 228 AD3d 618), a conclusion that has been reached by all of the Appellate Division departments in the State of New York (see, e.g., Hasan v Terrace Acquisitions II, LLC, 224 AD3d 475 [1st Dept 2024]; Whitehead v Pine Haven Operating LLC, 222 AD3d 104 [3d Dept 2023]; Ruth v Elderwood at Amherst, 209 AD3d 1281 [4th Dept 2022]).
Nevertheless, the defendant's submissions to the Supreme Court did not conclusively establish that the three requirements for immunity under the EDTPA were satisfied so as to show that the plaintiff had no cause of action (see Damon v Clove Lakes Healthcare and Rehabilitation Ctr., Inc., 228 AD3d at 619; see also Holder v Jacob, 231 AD3d 78).
Accordingly, the Supreme Court should have denied the defendant's motion pursuant to CPLR 3211(a)(7) to dismiss the complaint.
The parties' remaining contentions either are without merit or need not be reached in light of our determination.
IANNACCI, J.P., BRATHWAITE NELSON, VOUTSINAS and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court