| |
|---|
| **1002 Realty Corp. v Gilgurd** |
| 2026 NY Slip Op 30835(U) |
| March 6, 2026 |
| Supreme Court, Kings County |
| Docket Number: Index No. 541674/2025 |
| Judge: Reginald A. Boddie |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

At an IAS Commercial Part 12 of the Supreme Court
of the State of New York, held in and for the County
of Kings, at the Courthouse, located at 360 Adams
Street, Borough of Brooklyn, City and State of New
York on the 6th day of March 2026.

PRESENT:
Honorable Reginald A. Boddie
Justice, Supreme Court

-------------------------------------------------------------------x

1002 REALTY CORP.,

                        Plaintiff,

-against-

BORIS GILGURD AND EZ-DUCT WORK INC.,

                        Defendants.

-------------------------------------------------------------------x

Index No. 541674/2025

Cal. No. 1     MS 1

**Decision and Order**

The following e-filed papers read herein:

MS 1

NYSCEF Doc Nos.

7-22, 24-30

Defendant Boris Gilgurd's motion to dismiss the complaint as against him is decided as follows:

## Background

This action arises out of defendants' alleged breach of a commercial lease and related stipulation of settlement, including their failure to pay rent and additional rent and their continued possession of the premises, resulting in claims for monetary damages, attorneys' fees, and ejectment. Defendant Boris Gilgurd ("Gilgurd") moves to dismiss the complaint as against him, arguing that documentary evidence, including the lease and a prior Civil Court stipulation, defeats plaintiff's claims, that the claims are time-barred, that he has no contractual liability to plaintiff,

1

that plaintiff lacks standing to commence this action, and that the ejectment claim fails for lack of a predicate notice.

In opposition, plaintiff argues that the complaint sufficiently states causes of action for breach of contract, attorneys' fees, and ejectment, that the claims are timely, and that no predicate notice was required because defendants wrongfully held over after the expiration of a fixed lease term. Plaintiff also initially cross-moved for a default judgment against defendant EZ-Duct Work Inc., but subsequently withdrew that cross-motion by stipulation.

In reply, Gilgurd reasserts that the claims are barred by res judicata and the statute of limitations and that the ejectment cause of action is defective as a matter of law, and contends that plaintiff improperly attempts to amend its pleading through opposition papers.

## Discussion

"On a motion to dismiss a complaint pursuant to CPLR 3211(a)(7), the court must afford the complaint a liberal construction, accept the facts as alleged in the complaint as true, accord the plaintiff the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (*USCHAG Corp. v Flagstar Bank, FSB*, 220 AD3d 823, 823-24 [2d Dept 2023] [citation omitted]). "Although a court may consider materials submitted by the defendant in support of its motion, the materials must establish conclusively that the plaintiff has no cause of action" (*id.*). Moreover, "a court may freely consider affidavits submitted by the plaintiff to remedy any defects in the complaint and the criterion is whether the proponent of the pleading has a cause of action, not whether he has stated one" (*Leon v Martinez*, 84 NY2d 83, 88 [1994] [citation and internal quotation marks omitted]). "The pleading will be deemed to allege whatever may be implied from its statements by reasonable intendment and the court must give the pleader the benefit of all favorable inferences that may be drawn from the complaint" (*Dunn v Gelardi*, 59 AD3d 385, 386 [2d Dept 2009] [citation omitted]).

2

[* 2]

"A motion to dismiss pursuant to CPLR 3211(a)(1) will be granted only if the documentary evidence resolves all factual issues as a matter of law, and conclusively disposes of the plaintiff's claim" (*Fontanetta v Doe*, 73 AD3d 78, 83 [2d Dept 2010] [citation and internal quotation marks omitted]). Such documentary evidence must be "of undisputed authenticity" (*id.*). Indeed, "[t]o constitute documentary evidence, the evidence must be unambiguous, authentic, and undeniable" (*Xu v Van Zwienen*, 212 AD3d 872, 874 [2d Dept 2023] [citation and internal quotation marks omitted]).

## Standing

Plaintiff has established, prima facie, that this action was properly commenced by the plaintiff corporation through its manager, Mario Martinelli, who verified the complaint and submitted an affirmation in opposition asserting his authority to act on behalf of the corporation.

In contrast, Gilgurd failed to submit any affidavit from a person with personal knowledge contesting Martinelli's authority. Nor has Gilgurd provided the corporation's operating agreement, bylaws, or any other documentary evidence demonstrating that Martinelli lacked authority to commence this action on behalf of plaintiff. Instead, Gilgurd relies solely upon the conclusory assertions of counsel, which, without more, are insufficient to establish a lack of standing. Accordingly, the branch of Gilgurd's motion seeking dismissal of the complaint on standing grounds is denied.

## Statute of Limitations

"Generally, when a tenant remains in possession after the expiration of a lease, pursuant to common law, there is implied a continuance of the tenancy on the same terms and subject to the same covenants as those contained in the original instrument" (*Henderson v Gyrodyne Co. of Am., Inc.*, 123 AD3d 1091, 1093 [2d Dept 2014] [citations and internal quotation marks omitted]).

Here, Gilgurd's conclusory allegation that he "did not exercise the option for an extension of the Lease" because "the Lease expired on its own terms February 28, 2019" is unavailing. Plaintiff alleges, and Gilgurd does not meaningfully dispute, that defendants remained in possession of the premises after February 28, 2019 and continue to occupy the premises to the present day. Under such circumstances, a holdover tenancy is presumed to continue on the same terms and conditions as those contained in the expired lease. Gilgurd failed to establish that the alleged holdover tenancy was not subject to the terms of the written lease or that the claims arising from defendants' continued occupancy are time-barred as a matter of law. Accordingly, the branch of Gilgurd's motion seeking dismissal of the complaint on statute of limitations grounds is denied.

*Res Judicata*

"The doctrine of res judicata precludes a party from litigating a claim where a judgment on the merits exists from a prior action between the same parties involving the same subject matter" (*Josey v Goord*, 9 NY3d 386, 389 [2007] [citations and internal quotation marks omitted]).

Here, Gilgurd's argument that plaintiff's claims are barred by the doctrine of res judicata because the amounts allegedly owed arise from a prior stipulation of settlement and judgment entered in Civil Court is unavailing. Plaintiff alleges that defendants remain liable for unpaid rent and additional rent arising from their continued occupancy of the premises. These allegations are not duplicative of the claims raised in the prior Civil Court proceeding referenced by Gilgurd and, at the pleading stage, must be accepted as true.

Moreover, Gilgurd has failed to establish, through documentary evidence, that the claims asserted in the complaint are identical to those previously adjudicated or that the obligations at issue were fully satisfied. Accordingly, the branch of Gilgurd's motion seeking dismissal of the complaint based on the doctrine of res judicata is denied.

4

[* 4]

*Ejectment*

"Despite the advent of the various statutory remedies available to a landlord beset with a recalcitrant tenant, [t]he common-law principles governing the ejectment action are unchanged, unless explicitly modified by statute, and no provision of RPAPL article 6, under which plaintiff asserts the ejectment cause of action, prescribes a notice period" (*Olympic Galleria, Co., Inc. v Sitt*, 241 AD3d 1092, 1093 [1st Dept 2025] [citations and internal quotation marks omitted]). "[T]he notice prescribed by the common law, as stated in relevant precedent, is six months" (*id.* at 1092).

Here, it is undisputed that plaintiff commenced this ejectment claim pursuant to RPAPL § 641 rather than through a summary eviction proceeding. Accordingly, the common-law requirement of a six-month predicate notice applies. As it is undisputed that plaintiff did not serve such notice prior to commencing this action, the branch of Gilgurd's motion seeking dismissal of the third cause of action for ejectment is granted, and such claim is dismissed without prejudice.

*Amendment of the Complaint*

The Court notes that plaintiff states in its opposition papers that it "inadvertently … references a Stipulation of Settlement concerning the payment of approximately $120,000.00 which has nothing to do with the outstanding balance due and owing Plaintiff …" and that it is "correcting and amending Plaintiff's pleadings by submitting the documentation …" However, this attempt to amend the complaint through statements contained in opposition papers to a dismissal motion is procedurally improper and is denied.

5

## Conclusion

Based on the foregoing, Gilgurd's motion to dismiss the complaint is granted to the extent that plaintiff's third cause of action for ejectment is hereby dismissed without prejudice. The remainder of Gilgurd's motion is denied. Any arguments not expressly addressed herein were considered and deemed to be without merit or unnecessary to address given the court's determination.

E N T E R:

_____
Honorable Reginald A. Boddie
Justice, Supreme Court

HON. REGINALD A. BODDIE
J.S.C.

[* 6]